IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOLLY NAUS,

        Plaintiff,

    v.

HENRY SCHEIN, INC.,

        Defendant.

                          /

No. CIV S-08-2497 LKK DAD

ORDER

        This case is on the court's December 11, 2009 calendar at 10:00 a.m. for hearing of plaintiff's properly noticed motion to compel further responses to discovery requests and for order imposing sanctions. Although plaintiff's notice cites Local Rule 37-251, her motion is not in compliance with the rule.

        The hearing of a discovery motion is had in this court

> by the filing of a notice of motion and motion scheduling the hearing date on the appropriate calendar at least twenty-one (21) days from the date of filing.  **No other documents need be filed at this time.**

Local Rule 37-251(a) (emphasis added). Thus, the memorandum of points and authorities, declaration, and voluminous exhibits attached to plaintiff's notice of motion and motion were submitted in error and will be disregarded.

1

1  As Local Rule 37-251 explains, no discovery motion will be heard unless the parties (1) confer and attempt to resolve their differences and (2) set forth the remaining differences and the bases therefor in a Joint Statement re Discovery Disagreement prepared and signed by all interested parties. Local Rule 37-251(b) & (c). Pursuant to the rule currently in effect, which applies to plaintiff's motion, the joint statement must be filed on or before three court days prior to the scheduled hearing date. Local Rule 37-251(a).

Local Rule 37-251(c), which describes in detail the contents and organization of the mandatory joint statement, expressly provides that "[a]ll arguments and briefing that would otherwise be included in a memorandum of points and authorities supporting or opposing the motion shall be included in this joint statement, **and no separate briefing shall be filed**." Local Rule 37-251(c) (emphasis added). The joint statement should not be accompanied by declarations and copies of correspondence between counsel, because all details of the parties' meet-and-confer efforts must be set forth in the joint statement prepared and signed by all interested parties. Similarly, the joint statement should not include exhibits comprised of complete copies of the parties' discovery requests and responses, because each individual interrogatory or other discovery request at issue, and the response to it, shall be reproduced in full in the joint statement, followed by the parties' respective arguments and supporting authorities as to that specific discovery request. Local Rule 37-251(c).

IT IS ORDERED that the memorandum of points and authorities, declaration, and all exhibits filed in support of plaintiff's November 6, 2009 motion to compel (Doc. No. 21, Attachments 1 and 2, & Doc. 22) will be disregarded.

DATED: November 13, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.civil/naus2497.mtc.jtstmt